**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
MIAMI DIVISION

Tammie Norsworthy,

        *Plaintiff*,

v.

Carnival Corporation,
A Panamanian Corporation,

        *Defendant*.      /

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Tammie Norsworthy, hereby sues Carnival Corporation for damages and alleges as follows:

### JURISDICTION AND VENUE

1. Plaintiff, Tammie Norsworthy, is a resident of the State of Mississippi.

2. Defendant, Carnival Corporation, is a Panamanian corporation with its principal place of business in Miami, Florida. At all times material Carnival was doing continuous and systematic business in the Southern District of Florida by operating seagoing vessels in Florida.

3. During all times material, Defendant Carnival owned and operated the vessel *Carnival Glory*.

4. This is a cause of action valued in excess of $75,000.00.

5. Diversity Jurisdiction under 28 U.S.C. § 1332 is proper as the cause of action is for a claim in excess of $75,000.00 and the parties are diverse. Admiralty jurisdiction is also proper under 28 U.S.C. § 1333 as the cause of action is a maritime tort.

6. Venue is proper pursuant to both 28 U.S.C. § 1391 and the forum selection clause contained within the Defendant's cruise ticket.

7. At all times material, Carnival was engaged in the business of providing to the public and to the plaintiff, for compensation, vacation cruises aboard the vessel which it owned and operated, *Carnival Glory*.

8. On January 21, 2023, Plaintiff Norsworthy was a passenger on board the *Carnival Glory*. Plaintiff boarded the ship when it was in New Orleans, Louisiana, on January 15, 2023.

9. On January 21, 2023, the ship was operating in the Gulf of Mexico.

10. On January 21, 2023, the plaintiff was enjoying the sixth day of her cruise vacation. She was sitting in a lounge chair on the Lido deck of the ship at a Super Bowl party. While Plaintiff was sitting on the deck, crew members began to bring additional chairs onto the deck to accommodate more passengers to watch the super bowl from the giant television screen on the Lido deck.

11. Due to the party set up, there were then two to three rows of chairs on the side of the pool where Plaintiff was located, where there would typically only be one row of chairs. This caused crowding between the chairs and additional people, and limited the space where Plaintiff and other passengers could walk.

12. Due to the added chairs and crowding, Plaintiff decided to leave the pool area. She got up and went to return her towel to a towel drop near the Blue Iguana Bar.

13. As she was walking back to her chair from returning the towel to gather her belongings, she was required to walk in a narrow space in between the lounge chairs and the pool because of the added rows of chairs. This caused her to walk over a grate or drain by the side of the pool.

14.     As she was walking, Plaintiff Norsworthy stepped on a plastic grate that was not the correct size for the drain it was covering. Because it was not the right size, it was not flush with the deck as it should have been and as the other drain covers around the deck were.

15.     As she stepped, Plaintiff's foot dropped down into the hole of the drain, causing her to lose her balance. At the same time, Plaintiff slipped on a slimey substance that had accumulated in the drain from lack of cleaning. As she slipped, Plaintiff Norsworthy fell and became injured.

16.     As a result of the fall, Tammie Norsworthy suffered injuries to her left ankle, left knee, hip, low back, and other parts of her body. Plaintiff has had to seek medical care for these injuries and will continue to require medical care into the future.

### COUNT I – NEGLIGENT FAILURE TO WARN

Plaintiff repeats and realleges paragraphs 1 through 16 and further alleges:

17.     Defendant Carnival owed the Plaintiff, as its passenger, the duty to act with reasonable care with regard to passenger safety on its ship. This included but was not limited to taking action to make the *Carnival Glory* reasonably safe for its passengers during the subject cruise vacation.

18.     This duty includes the duty to warn its passengers of dangerous and hazardous conditions and circumstances that its passengers will encounter on the ship.

19.     Carnival was negligent and breached its duty to act with reasonable care under the circumstances by failing to warn the passengers on the *Carnival Glory* about the condition of the drain and drain grate.

20.     Carnival knew or should have known that the subject grate was not the correct size and did not sit flush with the deck. Carnival's crew would have been the one(s) who placed the ill-fitting drain cover onto the drain in the first place.

21.     Furthermore, another passenger on the ship had fallen on the same drain cover and broke her ankle two hours before the plaintiff's fall.

22.     Additionally, there were crew that were out adding chairs to the area and setting up for the super bowl party. The crew was working within the area and would have seen the condition of the grate. The crew that was arranging chairs for the super bowl party should have seen and appreciated the condition of the grate while they set up chairs, because they set up the chairs in a way that forced passengers to walk over the grate.

23.     Finally, there was a slimey, sludgey substance in the grate that had accumulated from lack of cleaning. After Plaintiff fell, she noticed that she had slipped in a dirty slime that was visibly due to lack of cleaning the subject drain.

24.     Carnival breached its duty to warn Plaintiff Norsworthy of the dangerous condition, because it provided no warning whatsoever of the condition of the grate.

25.     The failure to warn Plaintiff of the dangerous condition of the drain cover/grate was the proximate cause of Plaintiff's injury, because if she had been properly warned she would not have walked in that path (if there was another route possible to her chair) or she would have specifically stepped over the drain to avoid it. Or, if Plaintiff had been warned of the grate she may have decided to sit in another area of the Lido deck or ship altogether.

26.     The dangerous and hazardous condition of the drain cover at that time was not open and obvious to the plaintiff. The drain cover looked the same as the other drain covers on the deck that sat flush with the deck boards. It was not until closer inspection it was visible that this grate

4

sat lower. There was also a large number of passengers and chairs in the area which passengers like Norsworthy walking in the area would need to be watching out for when walking. Additionally, the slimey substance in the drain was not visible while walking.

27. As a direct and proximate result of the Defendant's negligent failure to warn Plaintiff of the dangerous condition of the drain cover on the Lido deck, Plaintiff Tammie Norsworthy suffered injuries to her left ankle, left knee, hip, low back, and other parts of her body, resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life and expense of hospitalization, medical and nursing care and treatment, loss of earnings and loss of ability to earn money, and aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future. Plaintiff also lost the value of the cruise and incurred other incidental expenses.

WHEREFORE, Plaintiff Tammie Norsworthy prays for judgment to be entered against the defendant, Carnival Corporation, for compensatory damages in excess of Seventy-Five Thousand Dollars ($75,000.00) including prejudgment and post judgment interest and costs. Plaintiff demands a trial by jury.

## COUNT II – GENERAL NEGLIGENCE

Plaintiff repeats and realleges paragraphs 1 – 16 as fully incorporated herein. Plaintiff further alleges:

28. Defendant Carnival owed the Plaintiff, as its passenger, the duty to act with reasonable care with regard to passenger safety on its ship. This included but was not limited to taking action to make the *Carnival Glory* reasonably safe for its passengers during the subject cruise vacation.

5

29.     This duty includes the duty to maintain its ship in a reasonably safe condition in the areas where the cruise line knows that passengers will be going.

30.     Carnival was negligent and breached its duty to act with reasonable care under the circumstances by failing to act with reasonable care under the circumstances in maintaining the drain and drain cover/grate on which Plaintiff Norsworthy fell.

31.     Carnival knew or should have known that the subject grate was not the correct size and did not sit flush with the deck. Carnival's crew would have been the one(s) who placed the ill-fitting drain cover onto the drain in the first place.

32.     Furthermore, another passenger on the ship had fallen on the same drain cover and broke her ankle two hours before the plaintiff's fall.

33.     Additionally, there were crew that were out adding chairs to the area and setting up for the super bowl party. The crew was working within the area and would have seen the condition of the grate. The crew that was arranging chairs for the super bowl party should have seen and appreciated the condition of the grate while they set up chairs, because they set up the chairs in a way that forced passengers to walk over the grate.

34.     Finally, there was a slimey, sludgey substance in the grate that had accumulated from lack of cleaning. After Plaintiff fell, she noticed that she had slipped in a dirty slime that was visibly due to lack of cleaning the subject drain.

35.     Carnival breached its duty to warn Plaintiff Norsworthy of the dangerous condition, based on the following actions and omissions:

   a. By adding so many extra chairs in the Lido deck area where Plaintiff fell that it created a hazardous space for passengers to walk;

6

b. By failing to reasonably maintain the drain with frequent enough cleanings and inspections such that it would not have accumulated the slimey substance that was present due to failing to clean the drain;

c. By failing to install a drain cover/grate which properly fit the hole, causing the subject drain cover to sit low in the drain and create a hole in which passengers could fall;

d. By failing to make reasonable inspections of the subject area such that the defect would have been discovered;

e. By failing to inspect the area and correct the defect after the other passenger fell and broke her ankle two hours prior to the plaintiff's fall;

f. By failing to act with reasonable care under the circumstances.

36. The failure to maintain the drain cover/grate was the proximate cause of Plaintiff's injury, because if the chairs would not have been set up in the area so over crowded and the drain would have been properly maintained, she would not have walked in that path which required navigating the drain cover, she the cover would have been flat/flush with the deck and not slippery. So, Plaintiff either would not have stepped on that cover altogether because she would not have walked over the drain, or if she did it would not have dropped down and been slippery and would not have caused her to fall.

37. The dangerous and hazardous condition of the drain cover at that time was not open and obvious to the plaintiff. At a glance the drain cover looked the same as the other drain covers on the deck that sat flush with the deck boards. It was not until closer inspection it was visible that this grate sat lower. There was also a large number of passengers and chairs in the area which

passengers like Norsworthy walking in the area would need to be watching out for when walking. Additionally, the slimey substance in the drain was not visible while walking.

38. As a direct and proximate result of the Defendant's negligent failure to act with reasonable care under the circumstances as described above, Plaintiff Tammie Norsworthy suffered injuries to her left ankle, left knee, hip, low back, and other parts of her body, resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life and expense of hospitalization, medical and nursing care and treatment, loss of earnings and loss of ability to earn money, and aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future. Plaintiff also lost the value of the cruise and incurred other incidental expenses.

WHEREFORE, Plaintiff Tammie Norsworthy prays for judgment to be entered against the defendant, Carnival Corporation, for compensatory damages in excess of Seventy-Five Thousand Dollars ($75,000.00) including prejudgment and post judgment interest and costs. Plaintiff demands a trial by jury.

Dated January 19th, 2024.

*/s/ Catherine Saylor*
JACOB J. MUNCH
E-mail: jake@munchandmunch.com
Florida Bar Number 376523
CATHERINE M. SAYLOR
E-mail: casey@munchandmunch.com
Florida Bar Number 115593
MUNCH and MUNCH, P.A.
600 South Magnolia Avenue – Suite 325
Tampa, Florida 33606
Ph: (813) 254-1557 / Fax: (813) 254-5172
