UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
IN ADMIRALTY

CASE NO. 24-cv-20226-KMW

TAMMIE NORSWORTHY,

     Plaintiff,

v.

CARNIVAL CORPORATION,

     Defendant.

_____/

## DEFENDANT, CARNIVAL CORPORATION'S, ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

COMES NOW, Defendant, CARNIVAL CORPORATION, d/b/a CARNIVAL CRUISE LINE, (hereinafter "CARNIVAL") by and through its undersigned counsel and pursuant to the applicable Federal Rules of Civil Procedure, and files its Answer and Affirmative Defenses to Plaintiff, TAMMIE NORSWORTHY's, Complaint for damages, and states as follows:

## ANSWER

1. Paragraph 1 is denied for lack of knowledge.

2. Other than to admit that this Honorable Court has *en personam* jurisdiction over this Defendant, Paragraph 2 is denied.

3. With regard to Paragraph 3 Defendant admits only that it may be deemed the owner and operator of the Carnival Glory for purposes of this litigation only.  Otherwise, denied.

4. Paragraph 4 is denied.

5. With regard to Paragraph 5, Defendant admits only that this Honorable Court has admiralty and maritime jurisdiction over this action, otherwise, denied, and particularly denied with regard to the amount in controversy.

6. With regard to Paragraph 6, Defendant admits only that venue is proper in this Honorable Court pursuant to the parties' passenger ticket contract. Otherwise, denied.

7. With regard to Paragraph 7, Defendant admits only that it may be deemed the owner and operator of the Carnival Glory for purposes of this litigation only. Otherwise, denied.

8. Paragraph 8 is admitted.

9. Paragraph 9 is admitted.

10. Paragraph 10 is denied.

11. Paragraph 11 is denied.

12. Paragraph 12 is denied.

13. Paragraph 13 is denied.

14. Paragraph 14 is denied.

15. Paragraph 15 is denied.

16. Paragraph 16 is denied.

Defendant re-affirms and re-alleges the allegations contained in paragraphs 1 through 16, as if set forth in full herein and further alleges:

17. Paragraph 17 is a statement of law to which Defendant is not required to admit or deny. To the extent that an answer is required, Paragraph 17 is denied, except that Defendant admits that the applicable standard is "reasonable care under the circumstances".

18.    Paragraph 18 is a statement of law to which Defendant is not required to admit or deny. To the extent that an answer is required, Paragraph 18 is denied, except that Defendant admits that the applicable standard is "reasonable care under the circumstances".

19.    Paragraph 19 is denied.

20.    Paragraph 20 is denied.

21.    Paragraph 21 is denied.

22.    Paragraph 22 is denied.

23.    Paragraph 23 is denied.

24.    Paragraph 24 is denied.

25.    Paragraph 25 is denied.

26.    Paragraph 26 is denied.

27.    Paragraph 27 is denied.

Defendant re-affirms and re-alleges the allegations contained in paragraphs 1 through 16, as if set forth in full herein and further alleges:

28.    Paragraph 28 is a statement of law to which Defendant is not required to admit or deny. To the extent that an answer is required, Paragraph 28 is denied, except that Defendant admits that the applicable standard is "reasonable care under the circumstances".

29.    Paragraph 29 is a statement of law to which Defendant is not required to admit or deny. To the extent that an answer is required, Paragraph 29 is denied, except that Defendant admits that the applicable standard is "reasonable care under the circumstances".

30.    Paragraph 30 is denied.

31.    Paragraph 31 is denied.

32. Paragraph 32 is denied.

33. Paragraph 33 is denied.

34. Paragraph 34 is denied.

35. Paragraph 35, inclusive of all sub-parts, is denied.

36. Paragraph 36 is denied.

37. Paragraph 37 is denied.

38. Paragraph 38 is denied.

39. Defendant does not object to Plaintiff's request for a trial by jury.

40. The Defendant, CARNIVAL, denies all allegations of the Complaint which are not specifically admitted.

41. The Defendant, CARNIVAL, denies Plaintiff is entitled to judgment of the relief sought.

42. Any and all allegations pertaining to any negligence or liability of the Defendant, CARNIVAL, are specifically denied.

WHEREFORE, having fully answered the Complaint, the Defendant, CARNIVAL, demands that the Complaint be **Dismissed with Prejudice** to and at the cost of Plaintiff.

<u>**AFFIRMATIVE DEFENSES**</u>

As separate and complete defenses, based on information and belief, CARNIVAL CORPORATION states as follows:

<u>**FIRST AFFIRMATIVE DEFENSE**</u>

For its First Affirmative Defense, CARNIVAL CORPORATION asserts that the negligence, actions and/or misconduct of the Plaintiff was the sole and proximate cause of any and all injuries

which are alleged in the Complaint, thereby precluding or diminishing Plaintiff's recovery pursuant to the Doctrine of Comparative Negligence.  For example, Plaintiff failed to exercise reasonable care for her own safety in the manner in which she traversed the subject area; and failed to avoid the subject condition which she alleges caused or contributed to her accident.

## SECOND AFFIRMATIVE DEFENSE

For its Second Affirmative Defense, Defendant further affirmatively avers without admitting liability, that Plaintiff's medical expenses are excessive, unreasonable and unnecessary; her past medical expense damages are limited to those that are reasonable and necessary, including reduction for any amounts written-off, not submitted and/or which plaintiff was not required to pay.

## THIRD AFFIRMATIVE DEFENSE

For its Third Affirmative Defense, Defendant asserts that Plaintiff has failed to mitigate her damages, if any, thereby precluding or diminishing Plaintiff's recovery herein to the extent such mitigation would have diminished or avoided Plaintiff's alleged losses or injuries. For example, Plaintiff failed to follow the directions and instructions of her doctors and therapist to rehabilitate her injury.  Investigation and discovery are ongoing, as Defendant does not have possession of Plaintiff's complete medical records.

## FOURTH AFFIRMATIVE DEFENSE

For its Fourth Affirmative Defense, Defendant affirmatively alleges that Plaintiff's injuries, if any, are the result of a pre-existing injury or condition which was not aggravated by the alleged accident claimed herein.  Alternatively, if any pre-existing injury or condition was aggravated by any alleged injuries herein, the Plaintiff is only entitled to reimbursement for the degree of aggravation, and any recovery she obtains herein must be limited to the percentage of aggravation she suffered as

a result of this alleged accident.  For example, Plaintiff may have had pre-existing, degenerative conditions with regard to her low back and lower extremities.

## FIFTH AFFIRMATIVE DEFENSE

For its Fifth Affirmative Defense, Defendant avers it owed a duty of reasonable care to the Plaintiff herein and that this Defendant complied with and otherwise fulfilled its duty to the Plaintiff and as such, the Plaintiff herein is unable to recover of this Defendant.

## SIXTH AFFIRMATIVE DEFENSE

For its Sixth Affirmative Defense, the Defendant avers that it had no notice, actual, constructive or otherwise of any condition which the Plaintiff alleges was the proximate cause of her damage and as such, the Defendant herein is not liable to the Plaintiff herein based on a theory of negligence and the Plaintiff is unable to recover of this Defendant.

## SEVENTH AFFIRMATIVE DEFENSE

For its Seventh Affirmative Defense, Defendant alleges this action is controlled by federal maritime law to the exclusion of state law.

## EIGHTH AFFIRMATIVE DEFENSE

For its Eighth Affirmative Defense, the Defendant asserts that to the extent that the Plaintiff's Complaint relates that a dangerous condition existed on the vessel of this Defendant, this Defendant would affirmatively aver that any such condition, if in existence, was such an open and obvious condition that the Plaintiff did or should have observed and comprehended same; thus, avoiding the alleged accident and as such, any recovery of the Plaintiff herein is barred or should be accordingly reduced.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 9th, 2024, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generate by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

DONNISE DESOUZA WEBB, ESQ
CARNIVAL CORPORATION
3655 N.W. 87th Avenue
Miami, Florida 33178-2428
(305) 406-4838 Direct Phone
(305) 599-2600 Ext. 18073 Assistant's Phone
(305) 406-4732 Telefax
By:_____ *s/ Donnise DeSouza Webb, Esq.*
          Donnise DeSouza Webb, Esq
          FLA. BAR NO: 879398

## SERVICE LIST

| DONNISE DESOUZA WEBB, ESQ.<br>ddesouza@carnival.com<br>CARNIVAL CORPORATION<br>3655 N.W. 87th Avenue<br>Miami, FL 33178<br>Telephone: (305) 406-4838<br>Facsimile: (305) 406-4732<br>Attorney for Defendant, CARNIVAL | JACOB J. MUNCH, ESQ.<br>jake@munchandmunch.com<br>CATHERINE M. SAYLOR, ESQ.<br>casey@munchandmunch.com<br>MUNCH AND MUNCH, P.A.<br>600 S. Magnolia Avenue, Suite 325<br>Tampa, FL 33606<br>Telephone: (813) 254-1557<br>Facsimile: (813) 254-5172<br>Attorney for Plaintiff, NORSWORTHY |

[Service via CM/ECF Notice of Electronic Filing]